UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SELENA ANDREWS** : | |
| : | Civil Action No. 24-8047 (WJM)(JSA) |
| **Plaintiff,** : | |
| : | Hon. Jessica S. Allen |
| v. : | |
| : | JOINT DISCOVERY PLAN |
| **EQUIFAX INFORMATION SERVICES,** : | |
| **LLC, et al.** : | |
| : | |
| **Defendants.** : | |
| : | |

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on September 10, 2024, and submit the following report of their meeting for the court's consideration:

**1. Set forth a brief description of the case. Include the causes of action and affirmative defenses asserted.**

<u>For Plaintiff</u>: Plaintiff alleges in her Complaint that Equifax Information Services, LLC ("Equifax") Experian Information Solutions, Inc. ("Experian") and Trans Union, LLC ("Trans Union") (Equifax, Experian and Trans Union, when used collectively, are hereinafter known as the "Defendants") violated the Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq*. (hereinafter "FCRA") and New Jersey Fair Credit Reporting Act, N.J. Stat § 56:11-28 *et seq*. (NJ FCRA).

Plaintiff obtained her free annual credit reports from all the Defendants. When reviewing the reports, Plaintiff noticed that six accounts (the "Accounts") that the Defendants were reporting on her credit reports had information being reported that was not accurate.

On December 21, 2023, the Plaintiff mailed each of the Defendants a dispute letter. The dispute letter clearly pointed out the inaccurate and incomplete information that appeared in the Accounts and disputed these items of information. Each of the Defendants received Plaintiff's dispute letter by certified mail. In addition, along with the dispute letter, Plaintiff provided each Defendant with a copy of its own credit report for the Plaintiff with the inaccurate and incomplete information she disputed marked up and notated for easy reference. Therefore, each Defendant could easily see the inaccurate and incomplete information the Plaintiff was disputing in her dispute letter.

Following their receipt of Plaintiff's dispute letter and their own marked up credit reports for the Plaintiff, each Defendant failed to do a proper investigation of the Plaintiff's dispute. Many of the objectively inaccurate and incomplete information that the Plaintiff

1

identified and disputed in her dispute letter, and notated in her marked-up credit reports, were not corrected by the Defendants.

Plaintiff alleges that Defendants violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy about the information they published about the Plaintiff. Had the Defendants followed follow reasonable procedures to assure maximum possible accuracy, the inaccurate information they reported about the Accounts would not have appeared on her credit reports both before and after receiving Plaintiff's dispute letter.

Plaintiff alleges that Defendants violated 15 U.S.C. § 1681i by failing to do a proper investigation of her dispute. Each Defendant continued to report objectively inaccurate information about the Accounts on Plaintiff's credit reports after receiving her dispute letter along with the marked-up credit reports, and doing what they each claimed was an investigation of Plaintiff's dispute. Furthermore, Defendants also violated § 1681i by not including the missing and incomplete information that Plaintiff identified in her dispute letter regarding the Accounts in subsequent reports and disclosures.

Finally, in her dispute letter, the Plaintiff also requested her complete file disclosure pursuant to 15 U.S.C. § 1681g, but none of the Defendants provided the Plaintiff will all the information they had for her in their files. Therefore, Plaintiff also alleges that the Defendants violated 15 U.S.C. § 1681g.

Plaintiff alleges the actions above caused her damages as further detailed in the complaint.

**For Defendants**:

**Experian:** Experian denies Plaintiff's claims. Experian is a "consumer reporting agency" as that term is defined by the FCRA. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms. The FCRA is not a strict liability statute and does not require Experian to maintain error-free credit reporting. Rather, Experian must maintain and follow reasonable procedures to assure the maximum possible accuracy of the information it reports on consumers. At all times relevant to this case, Experian maintained and followed reasonable procedures to assure maximum possible accuracy with respect to the information contained in Plaintiff's credit file. Further, Experian conducted reasonable reinvestigations relating to any dispute by Plaintiff. Experian acted in good faith and without malice or intent to injure Plaintiff and did not act negligently. Accordingly, Experian has no liability in this case under the FCRA and denies all liability to Plaintiff for any alleged damages. Even if Plaintiff has suffered any compensable damages, Experian is not responsible for the injuries of which Plaintiff complains and is without fault concerning all claims and theories upon which Plaintiff relies.

2

**Trans Union**: Defendant TransUnion is a consumer reporting agency as that term is defined by the FCRA. Among other things, the FCRA is not a strict liability statute and does not require TransUnion to maintain error free credit reporting. At all times relevant, TransUnion maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and TransUnion complied with the requirements of the FCRA with respect to Plaintiff. TransUnion denies that it is liable to Plaintiff for any alleged damages, denies that it proximately caused Plaintiff to suffer any damages, and denies that Plaintiff can support a claim for any damages in this action. TransUnion's conduct has not been negligent or willful, nor has TransUnion acted with malice or a reckless or conscious disregard for the rights of Plaintiff. TransUnion's investigation is ongoing and bases these statements on the facts and information currently available to it and reserves the right to supplement this summary if necessary as the case and facts develop.

**Equifax:** Equifax takes the same position as Experian and Trans Union. Equifax denies Plaintiff's allegations. Equifax states that it complied with the FCRA in its handling of Plaintiff's credit file, including in responding to Plaintiff's dispute. Equifax further denies it caused Plaintiff to suffer any damages.

2.      **Have settlement discussions taken place? Yes _____ No____X____.**

   **What was Plaintiff's last demand?**

   (1)   **Monetary demand:**

   (2)   **Non-monetary demand:**

   b.   **What was Defendants' last offer?**

   (1)   **Monetary offer:**

   (2)   **Non-monetary offer:**

3.      **The parties have not exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.**

**Plaintiff:** Plaintiff anticipates serving her initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by September 23, 2024.

**Defendants:**

**Equifax:** Equifax anticipates serving its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by September 23, 2024.

**Experian:** Experian served initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

3

**Trans Union**: Trans Union anticipates serving initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by September 23, 2024.

4. **Describe any discovery conducted other than the above disclosures.**

   None.

5. **Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.**

   <u>Plaintiff:</u> Plaintiff anticipates the possibility of filing a Motion to Amend the Complaint should additional facts be established in discovery that warrant filing an amended complaint.

6. **The parties proposed the following:**

a. **Discovery is needed on the following subjects:**

   <u>For Plaintiff</u>: Plaintiff anticipates needing discovery related to all the factual allegations in the Plaintiff's complaint that the Defendants have denied in their answers and the affirmative defenses raised by the Defendants. Plaintiff anticipates needing discovery related to the investigations done by the Defendants into Plaintiff's dispute, the documents received by Defendants from the Plaintiff, the documents received by the Defendants from furnishers of the Accounts, etc.

   <u>For Defendants</u>:

   **Experian:** Based on what is presently known, Experian intends to conduct discovery that includes but is not limited to the following subjects: (a) the facts and circumstances surrounding each and every allegation in Plaintiff's Complaint; (b) Plaintiff's alleged damages (economic and non-economic); (c) whether there is any causal relationship between Plaintiff's alleged damages and any consumer report(s) issued by Experian; (d) Plaintiff's financial and consumer history; (e) any communications between Plaintiff and Experian; (f) any communications between Plaintiff and any other party or third parties regarding the matters in Plaintiff's Complaint; (g) discovery necessitated by discovery sought by Plaintiff.

   **Trans Union**: Trans Union will seek discovery of materials related to: (a) whether TransUnion credit file for Plaintiff contained an inaccuracy; (b) whether any TransUnion consumer report for Plaintiff contained an inaccuracy; (c) whether TransUnion maintained reasonable procedures to assure maximum possible accuracy of consumer reports regarding Plaintiff; (d) whether any reinvestigation

conducted by TransUnion violated the FCRA; (e) whether Plaintiff has met her burden of proving a claim against TransUnion for negligent noncompliance with the FCRA; (f) whether Plaintiff has met her burden of proving a claim against TransUnion for willful noncompliance with the FCRA; (g) whether Plaintiff suffered any damages proximately caused by any action or inaction of TransUnion; (h) whether Plaintiff is entitled to any damages (actual, punitive, statutory, costs, and/or fees) from TransUnion pursuant to the FCRA; (i) whether any damages suffered by Plaintiff were caused in whole or in part by a third party, an intervening or superseding cause, and/or the actions of Plaintiff herself; and (j) whether Plaintiff failed to mitigate her damages.

**Equifax:** Equifax intends to take discovery on the following subjects: Plaintiff's contacts with Equifax; Plaintiff's contacts with the underlying disputed creditors; the account statements and notes associated with the disputed accounts; information related to Plaintiff's alleged damages, including the amount of those damages and amount of any fees or expenses incurred by Plaintiff. Equifax may need to conduct third-party discovery depending on the witnesses identified and information obtained in discovery.

b.  **Should discovery be conducted in phases?**

   No.

c.  **Number of Interrogatories by each party to each other party:** __25__

d.  **Number of Depositions to be taken by each party**: __5__

e.  **Plaintiff's expert report due on:**

   The Plaintiff does not anticipate needing expert testimony at this time.

f.  **Defendants' expert reports due on:**

   The parties do not anticipate needing expert testimony at this time. Defendants do not currently anticipate the need for expert witnesses but reserves the right to identify a rebuttal expert witness if Plaintiff discloses an expert witness.

g.  **Motion to Amend or to Add Parties to be filed by:** December 23, 2024

h.  **Dispositive motion to be served within __60__ days of competition of discovery.**

i.  **Factual discovery to be completed by** February 24, 2025.

j.  **Expert discovery to be completed by:** The parties do not anticipate needing

5

        <u>expert testimony at this time.</u>

k.     **Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:**

        The parties will need a Confidentiality Order pursuant to L. Civ. R. 5.3(b) and Appendix S

l.     **A pretrial conference may take place on:** <u>TBD by Court</u>

m.     **Trial by jury or non-jury Trial:** <u>**Jury**</u>

n.     **Trial date:** <u>TBD by Court</u>

7.     **Do you anticipate any discovery problem(s)?**

        **No.**

8.     **Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes <u>  X  </u> No <u>          </u>**

        The parties anticipate routine video/telephonic depositions.

9.     **State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civl Rule 30.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (*i.e.*, after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).**

        The parties believe this case may be appropriate for an alternative dispute resolution should they be unable to settle, after the initial round of written discovery.

10.     **Is this case appropriate for bifurcation?** No.

11.     **We <u>do not</u> consent to trial being conducted by a Magistrate Judge.**

**Dated: September 18, 2024**

        Respectfully submitted,

        <u>**/s/ Ryan Gentile**</u>
        Ryan Gentile, Esq.
        185 Cedar Lane – Suite U5
        Teaneck, NJ 07666

Tel: 201-873-7675
rlg@lawgmf.com
Attorney for Plaintiff

**/s/ Stacy Ann Orvetz**
Stacy Ann Orvetz
Clark Hill PLC
Two Commerce Square
20001 Market Street
Suite 2620
Philadelphia, PA 19103
Tel: 215-864-8072
Fax: 215-864-2476
*Counsel for Defendant, Equifax Information Services LLC*

**/s/ Dorothy A. Kowal**
Dorothy A. Kowal
Price, Meese, Shulman & D'Arminio, PC
50 Tice Boulevard
Woodcliff Lake, NJ 07677
Tel: (201) 391-3737
dkowal@pricemeese.com
*Counsel for Defendant Experian*

**/s/ Frances R. McDermott**
Frances R. McDermott
Buchanan Ingersoll & Rooney PC
50 S 16th Street
Suite 3200
Philadelphia, PA 19102
Tel: 215-665-3677
*Counsel for Defendant, Trans Union, LLC*